"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA J. DANLEY, <br>    Plaintiff, <br> vs. <br> JO ANNE B. BARNHART, <br> Commissioner of Social Security, <br>    Defendant. | ) Case No. CV 03-05427 (AN) <br> ) <br> ) ORDER AWARDING ATTORNEY FEES <br> ) PURSUANT TO 42 USC § 406(b) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Now pending before the Court and ready for decision is the motion of plaintiff's counsel, Steven G. Rosales of the Law Offices of Lawrence D. Rohlfing ("Rohlfing") for attorney fees pursuant to 42 U.S.C. § 406(b) in the gross amount of $17,689.12, less the $3,500.00 of EAJA fees previously paid, for a net fee amount of $14,189.12 ("Motion"). The Commissioner has not responded to the Motion despite being given notice and an opportunity to do so.

The Court's determination of the Motion is governed by the Supreme Court's recent decision in *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S. Ct. 1817 (2002). There, the Supreme Court resolved a division among the Circuits on the appropriate method of calculating fees under § 406(b). Rejecting the "lodestar method" which several of the Circuits (including the Ninth Circuit) had been applying, the Supreme Court held:

"§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants

in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. . . . Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."

535 U.S. at 807, 122 S. Ct. at 1828.

In determining whether the $17,689.12 award sought by Rohlfing is reasonable for the services rendered in the proceedings before this Court, the Court has considered the following:

1. Under the terms of the contingent fee agreement between plaintiff and Rohlfing, Rohlfing would be entitled to fees corresponding to 25% of the back benefits awarded. Plaintiff agreed to the 25% contingency. The Court has no basis for finding that there was any fraud or overreaching by Rohlfing in the making of the contingent fee agreement with plaintiff.

2. The amount that Rohlfing seeks is slightly less than 19% of the gross amount of back pay that was awarded ($92,839.00). [1] Thus, the $17,689.12 award sought by Rohlfing is within the 25% "boundary" and less than the total amount of fees that plaintiff agreed to pay Rohlfing under the terms of the contingent fee agreement.

3. Rohlfing was able to persuade the Commissioner to stipulate to a remand which ultimately resulted in a fully favorable decision awarding back benefits in the amount of $92,839.00 to Plaintiff.[2]

4. This is not an instance where, due to excessive delay attributable to plaintiff's counsel, the back benefits accumulated during the pendency of the case in court.

5. According to the economic data provided by Rohlfing, the median hourly rate in

---

[1] The Notice of Award dated May 28, 2006 sets forth $92,839.00 as the actual amount of back pay awarded. [Motion, Ex. 3.]

[2] Nonetheless, Rohlfing represents that he successfully convinced the Magistrate Judge to "remand this matter with a pointed and cogent briefing." [Motion at 18:19-20.]

2000 for the proprietor of a small law firm of 12 or less attorneys in California was $250. The upper quartile rate was $288, and the ninth decile (i.e., upper 10%) rate was $336. For associates, the corresponding rates were $165, $193 and $250.

For paralegals, the corresponding rates were $87, $100 and $120. [Motion, Decl. of Rosales, ¶7, Ex. 6.]

6. Rohlfing adjusts these rates for inflation to $455.25, $338.73, and $162.59, respectively. [Motion at 9:9-10.] Rohlfing has presented evidence of the law firm's normal hourly billing charges of $350.00 per hour for non-contingency fee cases [Motion, Decl. of Rosales at 26:14.] Therefore, the Court finds that it would not be unreasonable for a law firm having the same degree of experience, expertise and reputation in the legal community as Rohlfing to have normal hourly billing charges in the ninth decile range. If computed at the ninth decile rates adjusted for inflation the 21.80 hours of attorney time (21.80 x $338.73 = $7,384.31) plus 3.4 hours of paralegal time (3.4 x $162.59 = 552.80) correspond to total hourly fees of $7,937.11.

7. Utilizing the ninth decile hourly fee figures of $338.73 and $162.59, the $17,689.12 award sought by plaintiff's counsel includes an enhancement of $9,752.01, which represents 122% of the $7,937.11 figure for the risk of nonpayment (i.e., the "contingency factor"). The Court has duly considered Rohlfing's rationale for the enhancement sought and does not find it to be persuasive. The Court notes that Rohlfing has not provided any data regarding his firm's success rate that would enable the Court to assess the risk assumed by his firm in representing social security benefits claimants in the Cental District of California. Moreover, to the extent that the success rate of plaintiff's counsel is attributable to his special skills and expertise in this area (as distinguished from his selectiveness in the cases he agrees to take on), the Court already has taken into account his skills and expertise in arriving at the figure of $7,937.11 as the pre-enhancement value of the services rendered. The Court therefore finds that plaintiff's counsel has not done an adequate job of convincing the Court that the enhancement sought here is reasonable under the circumstances presented. Put another way, it appears to the Court that the enhancement sought here by plaintiff's counsel is excessive, and would constitute an

1. unreasonable "windfall," when the amount of back pay benefits awarded is compared to the amount of time counsel spent on the case. The Court finds that a reasonable enhancement here would be no more than 40% of the $7,937.11 figure (i.e., $3,174.85), which would result in a total fee award of $11,111.95.

Based upon the foregoing considerations, the Court finds and concludes that the $17,689.12 in fees yielded by the contingent fee agreement and sought by plaintiff's counsel is unreasonable under the circumstances, and that a substantial reduction is warranted. Therefore, plaintiff's counsel's petition for attorney fees pursuant to § 406(b) is GRANTED in part in the amount of $11,111.95 less the EAJA fee of $3,500.00 previously paid, for a net fee award of $7,611.95.

IT IS SO ORDERED.

DATED: November 6, 2006      /s/ ARTHUR NAKAZATO
ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE